AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Wymere Guy | ) | Case No. 24-311M |
| | ) | |
| Defendant(s) | ) | |

unsealed on 9/18/2024

~~SEALED~~



## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **8/13/24 & 8/28/24** in the county of **New Castle** in the District of **Delaware**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. sections 841(a)(1) & (b)(C). | Distribution of a Sch. II. controlled substance (Fentanyl) |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

John Brennan, DEA TFO
Printed name and title

Sworn to before me over the telephone and signed by me pursuant to Fed R. Crim. P.4.1 and 4(d).

Date: 09/13/2024

_____
Judge's signature

City and state: Wilmington, DE

Hon. Sherry R. Fallon
Printed name and title

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Criminal Action No. 24- 311 M |
| v. | : | |
| WYMERE GUY, | : | |
| Defendant. | : | |

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

Your Affiant, John T. Brennan, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. This Affidavit is in support of a criminal complaint against Wymere GUY. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7) and Federal Rule of Criminal Procedure 41, and am empowered by law to conduct investigations of, and to make arrests for, offenses in Titles 18 and 21 of the United States Code. I am presently employed as a Detective for the City of Dover Police Department in the State of Delaware and assigned as a TFO for the Drug Enforcement Administration (DEA).

2. I am a Police Officer for the City of Dover Police Department who has been employed by the City of Dover Police Department since September 2019 and am currently assigned as a Detective in the Drugs, Vice, and Organized Crime Unit.

3. Since June 2023, I have been assigned to the Dover, Delaware Post of Duty of the Philadelphia Division of the DEA, where I have been responsible for investigating drug, violent crime, and criminal enterprise offenses. During my career in law enforcement, I

1

have become familiar with the methods and techniques associated with the distribution of narcotics, the laundering of drug proceeds, and the organization of drug conspiracies. I have participated in numerous search warrants, which has led to the collection of valuable evidence, fruits, and instrumentalities of drug trafficking. I am one of the case agents assigned to this investigation.

4. The facts in this affidavit come from my personal observations, my training and experience, a review of written reports of investigation records, telephone toll reports, and other records referenced herein, as well as information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## THE SPECIFIED FEDERAL OFFENSE

5. Pursuant to Title 21, United States Code 841(a)(1) and (b)(1)(C), it is unlawful to knowingly and intentionally distribute a controlled substance. Fentanyl is a Schedule II controlled substance under 21 U.S.C. § 812.

## PROBABLE CAUSE

6. In August 2024, the DEA Dover Post of Duty ("DPOD") and Dover Police Department ("DPD") received information from a confidential source (hereinafter "CS")[1], who had provided credible information in the past, indicating that Wymere GUY ("GUY") was distributing fentanyl in New Castle County and Kent County, Delaware.

---

[1] The identity of the CS is known to your Affiant, but his/her identity is being withheld for the protection of the CS. The CS is voluntarily providing information to law enforcement. Your Affiant believes that the information provided by the CS is true and correct, as the CS is past proven reliable and has provided information in the past in investigations that have led to arrests.

2

7. The CS informed law enforcement that he/she had received a call from GUY, and that GUY advised the CS to meet him at a neutral location to purchase bundles or logs. Based on training and experience, I am aware that "bundles or logs" is a reference to controlled substances containing heroin or fentanyl.

8. I drove with another DEA TFO to the meeting location and observed GUY meet with the CS. Following the meeting, the CS provided me with an amount of what appeared to be heroin or fentanyl. The drugs were not field tested due to the dangers of coming into contact with heroin and fentanyl during the testing process.

9. The CS also introduced an Undercover Detective (hereinafter "UC")[2] to GUY via cellular phone to orchestrate drug transactions for quantities of fentanyl.

10. During the week of August 11, 2024, the UC communicated with GUY by phone to coordinate a meeting in Newark, Delaware to purchase fentanyl from GUY.

11. On August 13, 2024, the UC met with GUY to purchase approximately 50 bundles of fentanyl for $1500.00. On this date, law enforcement officers observed GUY respond to the area of the Christiana Mall located at 132 Christiana Mall Road, Newark, Delaware, where GUY and the UC had agreed to meet. GUY approached on foot and entered the UC's vehicle. GUY removed a clear, heat-sealed bag containing 50 bundles of what appeared to be heroin or fentanyl, and gave it to the UC in exchange for $1500.00.

12. The suspected fentanyl was not field tested due to the dangers of testing fentanyl as described above. However, the drugs were sent to the DEA laboratory for chemical

---

[2] The UC in this case is a Dover Police Department Detective, who has conducted numerous undercover investigations and made controlled purchases, as defined below. Over ten investigations involving this UC have led to arrests.

analysis. The DEA laboratory reported the drugs tested positive for fentanyl with a weight of approximately 20 grams of fentanyl.

13. On August 28, 2024, GUY agreed to sell the UC 50 bundles of fentanyl for $1600.00. Law enforcement officers established surveillance in the area of the location GUY agreed to meet the UC, and observed GUY in the area of South Union Street and Elsmere Boulevard, Wilmington, Delaware. Law enforcement officers then observed GUY contact the UC and enter the UC's Vehicle. GUY entered the UC's vehicle and removed a black plastic bag from his pants which contained approximately 50 bundles of what appeared to be heroin or fentanyl. GUY then gave the UC the fentanyl in exchange for $1600.00.

14. Due to the danger of field-testing fentanyl, it was not field tested by law enforcement. The DEA laboratory will conduct chemical analyses to confirm the identities of the substances recovered from the August 28, 2024 purchase from GUY. Based on my training and experience, the 50 bundles have the appearance and characteristics of fentanyl.

15. This DEA investigation into GUY is ongoing and your Affiant requests that the Criminal Complaint be sealed on the Court's docket until GUY is arrested and brought before the Court for an Initial Appearance.

## CONCLUSION

16. Based on the foregoing facts, I submit that there is probable cause to find that Wymere GUY has violated Title 21, United States Code, 841(a)(1) and 841(b)(1)(C), by distributing fentanyl on August 13, 2024, and August 28, 2024, as previously alleged. Therefore, I respectfully request that the Court issue a Criminal Complaint charging him with this offense.

Respectfully submitted,

John T. Brennan, Task Force Officer
Drug Enforcement Administration

Dated: September 13, 2024